Mr. Justice Wylie
delivered the opinion of the court:
The controversy in this case is over the title to two hundred and fifty shares of the Washington Gas-light Company’s stock. Joseph K. Brick and Sam uelB. Brick were brothers; theformer a resident of Brooklyn, New York, and the latter of the city of Washington. In 1864 the stock was bought by Samuel R, Brick, with money obtained from his brother, Joseph K. Brick, and the certificate was issued in the name of the party by whom the money was furnished, was delivered to him, and remained in his possession through his life-time, and is now in the possession of his executors, the complainants in this cause.
In 1867 Joseph K. Brick died, and in 1871 Samuel R. Brick instituted a suit in equity in this District against the personal representatives of the former, setting up his claim to be equitable owner of the stock in question, on the ground that it had been bought for him by his brother, and offering *266 to pay the amount of its cost in 1864, with interest from that date. But such personal representatives were non-resident, and the only service of process made upon theta was by advertisement in a newspaper of this city.
A decree pro confesso was taken for default of defendant’s appearance, which was subsequently made absolute, and the title of the stock was thus decreed to be in Samuel B. Brick.
The object of the present suit is to enjoin the said Samuel B. Brick from setting up any claim to the stock in question under that decree, for the reason that the defendants in the suit were not subject to the jurisdiction of the court, and that the notice by publication was a nullity.
The defendant, by his answer, claims not only that the decree so obtained is conclusive in his favor, but that, independently of that decree, he is the equitable owner of the stock.
We are of the opinion that the decree in question is of no validity as to the complainants in the present suit. They were non-residents themselves ,• had in their own possession the title of the stock in the form of a certificate; were served with no process; had entered no appearance to the suit, and were in all probability totally ignorant that any proceeding of the kind had been instituted. It would be a violation of the first principles to hold them bound by such a decree.
Upon the facts as proved we are of opinion that the money with which the stock was purchased in 1864 was the money of Joseph K. Brick, and that the certificate of stock was issued in his name and delivered to him, and is now in the hands of the executors of his will.
The evidence, it is true, shows that he made the purchase on the recommendation and through the agency of his brother, and that on several occasions Joseph K. Brick declared that he was holding the stock for his brother’s benefit, and even made affidavit to that effect for the purpose of being relieved from a tax which otherwise he would have been obliged to pay for the stock.
But such declarations alone are not sufficient to create a trust, for the reason that the stock had been bought with his own money, and there was no delivery of it by means of an assignment or any form required in law to establish an exe *267 cuted donation. It is not the case of the delivery of property to one party in trust for another, where it would be bad faith in the former, and a fraudulent appropriation of what was not his own, to repudiate the trust. He who sets up a claim to property of any kind must establish his own right. If he has no right in himself, it matters not what declaration may have been made to others by the party to whom the property does, in fact, belong. If, for the purpose of avoiding taxation, the latter deny that he is owner, and asserts that some other is owner of property which he has bought with his own money, and the possession whereof he retains, and thus obtains exemption by imposing upon the officers of the Government, he subjects himself to the penalties of the law provided for such cases, but his bad faith is no foundation for a claim of title on the pai't of any one else.
Decree affirmed.